**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———

**No. 03-4303**

———

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FRANCISCO ESCOVAR-MADRID, a/k/a Victor
Valazguez,

Defendant - Appellant.

———

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Alexander Williams, Jr., District Judge.
(CR-02-05)

———

Submitted: January 30, 2004      Decided: September 29, 2004

———

Before WIDENER, NIEMEYER, and LUTTIG, Circuit Judges.

———

Affirmed by unpublished per curiam opinion.

———

David W. Lease, SMITH, LEASE & GOLDSTEIN, L.L.C., Rockville,
Maryland, for Appellant. Thomas M. DiBiagio, United States
Attorney, P. Michael Cunningham, Assistant United States Attorney,
Baltimore, Maryland, for Appellee.

———

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Francisco Escovar-Madrid appeals his conviction and eighty-four month sentence for illegally reentering the United States after having been deported, in violation of 8 U.S.C. § 1326 (a), (b) (2000). Finding no error, we affirm.

First, Escovar-Madrid asserts that the district court erred in finding that his request to waive his right to counsel and assert his right to self-representation was made knowingly and intelligently. Determination of a waiver of the right to counsel is a question of law to be reviewed de novo. United States v. Singleton, 107 F.3d 1091, 1097 n.3 (4th Cir. 1997). An assertion of the right to self-representation must be: (1) clear and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely. United States v. Frazier-El, 204 F.3d 553, 558 (4th Cir. 2000); see United States v. Gallop, 838 F.2d 105, 110 (4th Cir. 1988). Upon review of the record, we conclude that Escovar-Madrid's waiver was knowingly, voluntarily, and intelligently made.

Second, Escovar-Madrid argues that the jury should have been instructed that whether he had been deported following a conviction for an aggravated felony was an element of the offense. The Supreme Court rejected this argument in Almandarez-Torres v. United States, 523 U.S. 224 (1998). Escovar-Madrid contends that this decision was implicitly overruled by the later decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). This court rejected

this precise claim in <u>United States v. Sterling</u>, 283 F.3d 216, 220 (4th Cir. 2002).  Thus, this claim is meritless.

Accordingly, we affirm Escovar-Madrid's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>